## McLEOD v. SCHLUTER.  (No. 166–3167.)

(Commission of Appeals of Texas, Section A. May 26, 1920.)

Good will ☞6(4)—Agreement not to engage in business abrogated by subsequent partnership.

Where plaintiff, who was a partner with defendant in a hail insurance business, bought defendant's interest, and defendant agreed not to write hail insurance in the county so long as plaintiff should continue in such business, defendant's agreement not to engage in such business in the county was abrogated and superseded by a subsequent agreement, wherein another partnership was formed between plaintiff and defendant to write hail insurance in such county and other counties, defendant's duty being to solicit insurance in all the counties, and after the dissolution of the second partnership defendant could enter into a competitive business in the county.

Error to Court of Civil Appeals of Seventh Supreme Judicial District.

Suit by H. A. Schluter against W. A. McLeod. From a judgment of the Court of Civil Appeals (199 S. W. 311), reversing a judgment in favor of defendant, the latter brings error. Reversed, and judgment of the trial court affirmed.

Fires & Diggs, of Childress, for plaintiff in error.

Veale & Lumpkin, of Amarillo, and Jno. W. Davidson, of Childress, for defendant in error.

SPENCER, J. Defendant in error, H. A. Schluter, instituted this suit, seeking to enjoin plaintiff in error, W. A. McLeod, from directly or indirectly engaging in the business of writing hail insurance in the city of Childress and county of Childress so long as defendant in error should continue in such business in Childress county and for damages—predicating his action upon a written contract between the parties wherein defendant in error agreed to refrain from en-

gaging in the business of writing hail insurance in that county so long as defendant in error continued in such business in said county.

Plaintiff in error resisted upon the ground that by a subsequent oral agreement they had formed a partnership to write hail insurance and that the subsequent agreement in effect abrogated or superseded the written one and after the dissolution of the partnership he was at liberty to engage in writing hail insurance without restriction. In a cross-action he asked for damages against defendant in error and the sureties on his injunction bond.

On April 25, 1917, the trial court granted a temporary order restraining plaintiff in error from entering into or engaging in the business of writing hail insurance in the city of Childress and county of Childress, so long as defendant in error should remain in such business, or until the further orders of the court. Upon final hearing, May 9, 1917, the court rendered judgment dissolving the temporary restraining order, and against defendant in error upon his petition and prayer for damages, and also rendered judgment that plaintiff in error take nothing by his cross-action.

The court did not file findings of fact and conclusions of law, but stated in the decree that the restrictive clause of the written contract pleaded by defendant in error—upon which he relied for relief—was abrogated, annulled, and discharged by the subsequent contract between the parties to jointly pursue the business of writing hail insurance.

Upon appeal, the Court of Civil Appeals concluded that the subsequent oral agreement was not inconsistent with, and did not abrogate or annul, the restrictive clause of the written contract, and therefore that the trial court should have sustained defendant in error's exception, directed to the paragraph in plaintiff in error's answer setting up the abrogation of the contract by the formation of the subsequent partnership. 199 S. W. 311.

Plaintiff in error was restricted by the terms of the written contract from writing hail insurance in Childress county, so long as defendant in error continued to write hail insurance there, unless the restrictive clause was abrogated or superseded by the subsequent oral agreement. Whether this restriction was abrogated or superseded is the only question for our determination, and must be determined by the intention of the parties as gathered from the acts and circumstances. It is patent that in the subsequent transaction they were contracting with reference to matters including the identical subject-matter contained in the restrictive clause of the original agreement. The original covenant was abrogated only in the event that the new contract was inconsistent with the written one.

By virtue of the terms of the subsequent agreement plaintiff in error agreed to divide whatever commission he earned on out-county business. The division of premiums gave defendant in error a source of revenue he did not otherwise enjoy, and was a sufficient consideration for the making of the agreement. The new contract entailed upon plaintiff in error the additional duty of soliciting hail insurance in Childress county. This materially changed his legal obligations as theretofore existing. Under the terms of the written agreement, he was enjoined from soliciting hail insurance in Childress county; while under the subsequent contract, in furtherance of his duties, it was incumbent upon him to actively solicit this class of business in Childress county. In the one instance there was a negative obligation; in the other, affirmative duties. It thus appears that his legal obligation under the first was inconsistent with his legal duties under the second; hence the effect of the second was to abrogate and annul—not merely supplement or suspend—the negative covenant of the first. This conclusion is supported by the decisions in Norris & Cochran v. Howard, 41 Iowa, 508, and Menefee v. Rankins, 15 Ky. 78, 164 S. W. 365.

The honorable Court of Civil Appeals was impressed with the views and followed the rule announced by the Supreme Court of North Carolina in Faust v. Rohr, 166 N. C. 187, 81 S. E. 1096, and the Supreme Court of New Jersey in Scudder v. Kilfoil, 57 N. J. Eq. 171, 40 Atl. 602, which is contrary to the conclusion we have reached. The reason given by those eminent courts for the holding is that the object in inserting the negative covenant is to prevent competition on the part of the person restricted, and that, as he does not become a competitor by becoming a partner, there is no inconsistency between the old and new contracts.

It may be conceded that the object of the restriction is to prevent competition, and that the formation of a partnership by the parties does not result in competition; yet we do not think that the discharge or abrogation of the contract is necessarily made to depend upon whether competition results, but whether there is an inconsistency between the duties of the party restricted under the terms of the two contracts touching the same subject-matter.

We recommend that the judgment of the Court of Civil Appeals be reversed and that of the trial court be affirmed.

PHILLIPS, C. J. We approve the judgment recommended in this case.